## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa Vagle, Sarah Monley, and A.M.V., <br><br> Plaintiffs, <br><br> v. <br><br> Walter Kaminsky; Jenny Walker Jasper, *also known as Jenny Lynn Walker*; Stoney L. Hiljus; Kristi Stanislawski, *also known as Kristi Dawn Stanislawski*; Jennifer L. Stanfeld; Karin McCarthy; Jesse Seabrooks, II; Sean C. Gibbs; Kristin C. Larson; Michele Davis; Kevin J. Mueller; James Evenson; Anneliese Lorraine McCahery; Nathan Thomas Benusa; Leah Gale Emmans; Sarah Marie Kimball; Thomas Anton Huling; Cheryl Ann Sowada; Joseph David Van Thomme; Jennifer Clements; Margaret L. Delain; Kathleen A. Heaney; Brad Johnson; K. Alexis McKim; Katherine Rotmil; Jodi Harpstead; Shireen Gandhi; Anne Neu Brindley; Amanda Larson; Ben Stock; Ron Nierenhausen; Jeff Ruhland; Joel Brott; Grace O'Konek; Don Birdsall; Joe Firkus; Joe Gacke; Derak B. Anderson; Tina Smith, *Senator*; Amy Klobuchar, *Senator*; Unknown Judge(s); Benjamin Rudolph Rossum; Midwest Bonding LLC; Lexington National Insurance Corporation; Ronald Frank; Mark Holtscheider; Lisa Slater; Kim Marzullo; Phyllis Frank; Jake Egert; Scott Williams; Eli Frank; Robin Frank; John Dykstra, Susan Jordan; Ronald S. Blume; Eric Lucero, *Senator*; Tom Emmer, *Representative*; and Paul Novotny, *Representative*, *all in their Official and individual capacities*, <br><br> Defendants. | Civ. No. 25-1090 (JWB/ECW) <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **ORDER** |

Plaintiff Melissa Vagle filed a Complaint on behalf of three litigants: Vagle herself; Vagle's child, whom the Court will identify as "A.M.V."; and Sarah Monley, whose relationship to Vagle is unknown. Vagle applied for *in forma pauperis* ("IFP") status on behalf of herself and perhaps on her son's behalf. (*See* Doc. No. 2.) The Clerk of Court informed Monley that she, too, would need to apply for IFP status or pay the filing fee for this matter, failing which she could be dismissed from this lawsuit. (*See* Doc. No. 3.) More than a month has passed since Monley was given that warning, and she has not yet applied for IFP status or paid the filing fee for this matter. Accordingly, consistent with the warning given to Monley by the Clerk of Court, she will be dismissed from this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

That said, even if Monley had attempted to prosecute this action, there would be another problem. Only Vagle has signed the Complaint. *See* Fed. R. Civ. P. 11(a) (requiring the signature of all parties on documents filed with the Court if those parties are not represented by counsel). Vagle is not an attorney, and she cannot prosecute claims on behalf of anyone but herself in federal court. *See* 28 U.S.C. § 1654. Accordingly, Vagle cannot seek relief on Monley's behalf. And Vagle cannot represent A.M.V. in federal court, either. *See Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents cannot litigate pro se on behalf of their minor children,

even if the minors cannot then bring the claim themselves."). Any claims purporting to be brought on behalf of A.M.V. are therefore also dismissed without prejudice.

This leaves Vagle as the sole Plaintiff to this action. On review, Vagle's IFP application contains insufficient financial information from which to conclude that Vagle is unable to pay the filing fee for this litigation. In any event, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).

In reviewing whether a complaint states a claim on which relief may be granted, all factual allegations in the complaint must be accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As best the Court can tell from the Complaint, Vagle believes that her son is in danger of physical harm while in the custody of her former spouse and her former spouse's current wife. Vagle does not name her former spouse or her former spouse's

current wife as defendants to this action, instead naming various persons whom she believes have conspired to assist them, including various judges and political officials. Vagle also alleges that she has experienced unlawful arrest and excessive force during an arrest. (*See* Doc. No. 1, Compl. 14–15.) As a remedy, Vagle seeks "507,720,000 payable in only gold and silver." (*Id.* at 7.)

There are several problems with the Complaint. First, the pleading appears in many respects to be an attempt to collaterally attack the legality of ongoing criminal proceedings against Vagle in state court for alleged violations of a restraining order. (Vagle lists these actions in the caption of her Complaint (*see id.* at 1), and she refers to the privilege of habeas corpus shortly after the caption (*id.* at 2).) Those aspects of the Complaint that seek to enjoin or otherwise challenge the ongoing state criminal proceedings are barred from consideration under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), which requires courts to generally abstain from considering claims that, if entertained, would interfere with an ongoing state court criminal case. *See, e.g.*, *Wassef v. Tibben*, 68 F.4th 1083, 1086–87 (8th Cir. 2023). If Vagle believes that the prosecution against her is defective, then she may raise that challenge in the criminal proceedings or, failing that, on appeal from the judgment in those proceedings.

To be sure, not every claim that Vagle references in her pleading would be subject to *Younger*—for example, whether Vagle endured excessive force during an arrest is fully separable from any questions related to the legality of the prosecutions against Vagle, and litigation of the excessive-force claim therefore would not interfere with the

4

state's interest in conducting the criminal proceedings and would not fall within the *Younger* abstention doctrine. That said, Vagle does not sufficiently allege *who* is responsible for *what*. Taking Vagle's excessive-force claims as an example, Vagle alleges that the constitutional violation was committed by seven officers across two arrests (*see* Compl. 15), but Vagle does not specify which of the several dozen Defendants named to this action are being alleged to have participated in the arrest. Ultimately, to succeed on a claim of constitutional violations under 42 U.S.C. § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." *Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Regardless of the legal provision being invoked as a basis for recovery, a complaint must include sufficient allegations to put the defendants on notice of why, specifically, they are being sued. Vagle's Complaint does not do this.

The bulk of the Complaint is neither an attempt to exculpate Vagle from the crimes of which she has been accused in state court, nor a request for civil remedies, but instead a plea for Vagle's former spouse and his current wife to be prosecuted under various federal criminal statutes. But private citizens generally lack standing to institute federal criminal proceedings. *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (collecting cases). Nor may litigants seek relief under criminal statutes that do not supply a private right of action.

Vagle has failed to state a claim on which relief may be granted, and this matter is dismissed under § 1915(e)(2)(B). Vagle's application to proceed IFP is denied, as is her motion to consolidate this action with another of the cases that she has filed in this District—Vagle does not specify which.[1] In addition, the Court certifies that an appeal could not be taken from the dismissal of this matter in good faith and that Vagle therefore will not be granted IFP status on appeal. *See* 28 U.S.C. § 1915(a)(3).

## ORDER

Based on the above, and on the files, records, and submissions in this case, **IT IS HEREBY ORDERED** that:

1. This matter is **DISMISSED WITHOUT PREJUDICE**.

2. The application to proceed *in forma pauperis* of Plaintiff Melissa Vagle (Doc. No. 2) is **DENIED**.

3. Vagle's motion for consolidation (Doc. No. 4) is **DENIED**.

4. It is certified that an appeal could not be taken in good faith from this dismissal.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

[1] This is one of several matters in federal court that Vagle has brought in recent months relating to her divorce and subsequent child-custody arrangements. Each of those cases has been summarily dismissed. Vagle is warned that although pro se litigants have a right of access to the federal courts, that right does not extend to frivolous, malicious, or duplicative proceedings. If Vagle continues to file frivolous lawsuits, her ability to initiate new proceedings in this District absent representation by counsel or the advance permission of a judicial officer may be limited.

6

Date: May 8, 2025                                  *s/ Jerry W. Blackwell*
                                                   JERRY W. BLACKWELL
                                                   United States District Judge